**Jane DOE, Petitioner,**

v.

**U.S. CITIZENSHIP & IMMIGRATION SERVICES, Respondent.**

No. 07–0726–ag.

United States Court of Appeals, Second Circuit.

March 20, 2008.

* The Honorable Loretta A. Preska, District Judge, United States District Court for the

Joshua Bardavid, New York, NY, for Petitioner.

Erica B. Miles, Office of Immigration Litigation, Civil Division, U.S. Department of Justice (Janice K. Redfern, on the brief), for Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. LORETTA A. PRESKA,* District Judge.

### SUMMARY ORDER

Petitioner Jane Doe, a citizen of Australia, seeks review of the January 31, 2007

Southern District of New York, sitting by designation.

order of the BIA affirming the June 24, 2005 decision of Immigration Judge ("IJ") Holmes–Simmons denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jane Doe*, No. A76 858 009 (B.I.A. Jan. 31, 2007), *aff'g* No. A76 858 009 (Immig. Ct. N.Y. City June 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When, as in this case, the BIA adopts "the IJ's conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ's decision[ ], we review both the BIA's and the IJ's opinions." *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). We review an IJ's factual findings under the substantial evidence standard. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Our review of credibility determinations is "highly deferential." *See Ming Xia Chen*, 435 F.3d at 144.

Substantial evidence supports the IJ's adverse credibility determination. The record reflects that Doe never reported her alleged abuses and refused to provide details regarding who her assailants were, even though she admitted knowing the identity of at least some of these individuals. Doe also claims to have spent time in a hospital in Australia to treat her injuries, yet she was unable to produce medical records of any kind. Further, the country conditions evidence in the record contradicts Doe's assertion that the Australian government could or would not seek to identify and punish organized child abusers who harm outspoken victims. For example, the State Department Report for Australia establishes that the government has enacted "tough criminal laws aimed at restricting the trade in, and possession of, child pornography." The agency therefore properly denied asylum, withholding of removal, and CAT relief because the only evidence that Doe would be persecuted or tortured depended on her credibility.[1] *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

To the extent that the IJ denied Doe's asylum claims in the alternative based on a determination that she failed to establish persecution because of membership in a particular social group, *see* 8 C.F.R. § 1208.13(b)(1), and failed to establish that her assailants were in any way tied to the Australian government, *see id.*, we need not address the merits of these claims because our affirmance of the agency's adverse credibility finding provides an independent basis for denying the petition for review. Moreover, despite Doe's contention that the agency failed to address her request for humanitarian relief, such a finding was unnecessary because Doe failed to establish her eligibility for asylum.

For the foregoing reasons, the petition for review is DENIED. We VACATE the previously granted stay of deportation.

---

1. Although Doe provided some plausible explanations to refute several of the agency's stated reasons for finding her incredible—for example, why she did not produce affidavits of a victim she could not locate or why she provided vague testimony regarding her qualifications to be a counselor—a reasonable fact finder would not have been compelled to credit them, and so we find no error in the agency's decision not to do so. *See* 8 U.S.C. § 1252(b)(4)(B); *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).